UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN ALLEN HESSMER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:12-cv-459 |
| ) | |
| ROLAND COLSON, ) | Judge Trauger |
| DERRICK SCHOFIELD, and TDOC, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

The plaintiff, John Allen Hessmer, has submitted to the undersigned a "Rule 60(b) Motion or Instanter Appeal," and a Notice of Appeal along with an *In Forma Pauperis* Declaration, for the purpose of seeking to appeal as a pauper.

The Clerk of Court is **DIRECTED** to file these documents as separate docket entries to make them part of the record in this case. The plaintiff is again directed to submit any further filings in this case to the Clerk of Court, 801 Broadway, Room 800, Nashville, TN 37203, rather than to the attention of the undersigned.

The court construes the "Rule 60(b) Motion or Instanter Appeal" as a motion to reconsider the order denying the plaintiff's application to proceed *in forma pauperis* on the grounds that the plaintiff has on at least four prior occasions filed an action in federal court that was denied for failure to state a claim and because the plaintiff in this case has not alleged that he is in imminent danger of serious physical harm. This court is bound by the terms of 28 U.S.C. § 1915(g) and the Sixth Circuit Court of Appeals' interpretation thereof. The motion to reconsider is therefore **DENIED**. In order for the court to consider the substance of the plaintiff's complaint, the plaintiff must submit the $350 filing fee within the time-frame specified in the order entered on May 15, 2012.

With respect to the Notice of Appeal, the court notes that it has not entered a final order in this matter and that, pursuant to 28 U.S.C. § 1291, the proposed appeal lacks any basis for appellate jurisdiction. *See United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 444 F.3d 462, 471 (6th Cir. 2006). The

court therefore construes the notice of appeal as a motion to certify issues for interlocutory appeal, which is governed by 28 U.S.C. § 1292. That provision states in pertinent part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order.
> . . .

28 U.S.C. § 1292(b). This court is of the opinion that the basis for its denial of the plaintiff's application to proceed as a pauper is well established and does not concern a controlling question of law as to which there is substantial ground for difference of opinion. The court therefore **DENIES** the motion for certification of an interlocutory appeal. The plaintiff will be required to resubmit his notice of appeal and application to proceed as a pauper if the court ultimately enters final judgment against him in this matter.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge