UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN ALLEN HESSMER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:12-cv-459 |
| ) | |
| ROLAND COLSON, ) | Judge Trauger |
| DERRICK SCHOFIELD, and TDOC, ) | |
| ) | |
| Defendants. ) | |

### ORDER

Plaintiff John Allen Hessmer, a state prisoner incarcerated at Riverbend Maximum Security Institution in Nashville, Tennessee, filed his a *pro se* civil rights complaint (ECF No. 1) and an application to proceed *in forma pauperis* (ECF No. 2) on May 7, 2012. By order entered May 15, 2012, the court denied the plaintiff's application to proceed as a pauper on the grounds that the plaintiff, having previously filed more than three lawsuits in federal court which were subsequently dismissed as frivolous or for failure to state a claim, was not entitled to proceed as a pauper unless he showed that he was under "imminent danger of serious physical injury." 18 U.S.C. § 1915(g). Although the plaintiff alleged imminent danger, the court found that the allegations in the complaint, even accepted as true, did not demonstrate that the plaintiff was actually in imminent danger of serious physical injury. The court granted the plaintiff thirty days within which to submit the entire filing fee. The plaintiff was also forewarned that failure to comply with the court's instructions would result in dismissal of the action for want of prosecution, and that the full amount of the filing fee would be assessed against him anyway and collected from his inmate trust account.

Rather than submitting the filing fee, the plaintiff submitted documents the court construed as a motion to reconsider the court's denial of the plaintiff's application to proceed as a pauper, and a motion to certify issues for interlocutory appeal. The court directed the clerk to file these documents to make them part of the record, and entered an order denying them. (ECF Nos. 11, 12, and 13.) Most recently, the plaintiff has also filed a document entitled "Rule 60 Motion." The Clerk of Court is **DIRECTED** to file this document as a separate docket entry to make it part of the record in this case. In this document, the plaintiff seeks to

"correct" an "issue of fact" by stating that he is in "danger of imminent serious bodily injury of advancing throat cancer and at this rate, plaintiff's dire medical circumstances shall become fatal by this court's concurrent deliberate indifference." The court takes notice of this correction, but nonetheless continues to find that nothing but conjecture and supposition support the plaintiff's allegation that he is in imminent danger of serious bodily injury.

Further, more than 30 days have passed since entry of the order denying the plaintiff's application to proceed as a pauper, but the plaintiff has not submitted the $350.00 filing fee.[1] Accordingly, pursuant to *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002), the plaintiff is herewith assessed the full $350.00 civil filing fee. The custodian of the plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to the plaintiff's inmate trust account; or (b) 20% of the average monthly balance in the plaintiff's inmate trust fund account for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when the plaintiff's monthly income exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court. 28 U.S.C. § 1915(b)(3).

The Clerk of Court is **DIRECTED** to send a copy of this order to the Warden of Riverbend Maximum Security Institution to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. Should the plaintiff be transferred from his present place of confinement, the custodian of his inmate trust fund account shall ensure that a copy of this order follows the plaintiff to his new place of confinement. All payments made pursuant to this order shall be forwarded to the Clerk of Court for the Middle District of Tennessee.

Finally, this matter is **DISMISSED WITHOUT PREJUDICE** for failure to comply with the instructions of the court and for want of prosecution. Fed. R. Civ. P. 41(b); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359,

---

[1] The court takes judicial notice of the fact that, in the interim, the plaintiff has filed a wholly separate lawsuit styled *Hessmer v. Bad Government*, 3:12-cv-590, filed on June 7, 2012, for which the plaintiff did manage to submit the entire filing fee. The plaintiff effectively chose to pursue that suit rather than this one, despite his claim of imminent death.

362–63 (6th Cir. 1999).

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge